BEAM, Circuit Judge,
concurring and dissenting.
I concur in the judgment of the court except for its affirmance of the mail fraud conviction. The limitations period on the mail fraud conspiracy did not begin to run until the last overt act in furtherance of the conspiracy had occurred, United States v. Dolan, 120 F.3d 856, 864 (8th Cir.1997), which act was, of course, subsequent to March 16, 2005. The limitations period for the mail fraud charge itself, however, commenced on March 16, 2005, the date the last check was placed in the mail. United States v. Pemberton, 121 F.3d 1157, 1163 (8th Cir.1997). Since all of the charges at issue in this prosecution were initiated when the indictment was filed on March 17, 2010, the mail fraud charge must be dismissed as untimely.
The court contends that Bennett’s argument concerning the importance of the *900 mailing date of the check “deeontextual-izes” this court’s reference to such happening in Pemberton. I disagree.
The district court, at the government’s urging, adopted the Sixth Circuit’s ambiguous reasoning in United States v. Crossley, 224 F.3d 847, 859 (6th Cir.2000), only barely acknowledging Pemberton which clearly states “[f]or mail fraud, the relevant date [for the statute of limitations] is the date of the mailing.” 121 F.3d at 1163. And, the Second, Third and Seventh Circuits each agree with this analysis. United States v. Eisen, 974 F.2d 246, 263 (2d Cir.1992); United States v. Hoffecker, 530 F.3d 137, 157-58 (3d Cir.2008); United States v. Dunn, 961 F.2d 648, 650 (7th Cir.1992). So, it seems, decontextualization, if any has occurred, runs in the direction of the Sixth Circuit and the district court and not the precedent established in Pemberton.
Accordingly, I would reverse the district court’s holding to the contrary and remand this matter for resentencing of Bennett without consideration of the mail fraud charge.